UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

Injah Tafari,

          Plaintiff,

                  **Hon. Hugh B. Scott**

                  02CV403S

      v.

                  **Decision &**
                  **Order**

James Gilmore et al.,

          Defendant.

_____

  Before the Court is the plaintiff's motion to deem certain facts admitted by the defendants in this case (Docket No. 85).

**Background**

  The plaintiff, Injah Tafari ("Tafari"), commenced this action alleging claims challenging the conditions of his confinement and asserting excessive force claims against various correction officers at the Auburn Correctional Facility, the Southport Correctional Facility, and the Attica Correctional Facility.[1] (Docket No. 15, Amended Complaint). Hon. Richard J. Arcara dismissed

---

[1] The plaintiff's initial complaint was dismissed on August 16, 2002 by Hon. David G. Larimer based upon the "three strikes" rule of 28 U.S.C. §1915(g). (Docket No. 6). After various motions for reconsideration and an appeal to the Second Circuit (Docket No. 11), the case was reopened upon the plaintiff's motion on June 27, 2008. (Docket No. 14). An amended

the plaintiff's claims relating to the conditions of confinement, as well as certain supervisory claims against corrections officials. (Docket No. 19 at pages 11 and 13). The plaintiff was permitted to proceed with the following claims: (1) excessive force claims against defendant Richard Cox[2], a correctional officer at the Auburn Correctional Facility (Amended Complaint at ¶¶ 19-22); (2) excessive force claims against defendants Randy Vaness, Robert Held, Franklin Zywicki, Daniel Hable, Timothy Harris, and James Casselbery, all corrections officers at the Southport Correctional Facility (Amended Complaint at ¶¶ 26-30); (3) a failure to protect claim against defendants Gregory Manos and Richard Donahue, corrections officers at the Southport Correctional Facility (Amended Complaint at ¶31)[3]; and (4) a claim against defendant James Gilmore, a correctional officer at the Attica Correctional Facility, who allegedly threatened the plaintiff and instigated the alleged assault by Vaness and other defendants (Amended Complaint at ¶¶ 12, 18). (Docket No. 19 at page 12).

Counsel was appointed to represent the plaintiff in this matter and a scheduling order was entered allowing for discovery and other pretrial proceedings. (Docket No. 73).[4] The parties

---

complaint was subsequently filed. (Docket No. 15).

[2] It does not appear that Cox has ever been served in this action.

[3] This claim was also asserted against a "Sergeant Genter." The plaintiff provided additional information regarding this individual (Docket No. 40). The Attorney General's Office was directed to attempt to locate the individual identified by the plaintiff. (Docket No. 41). Upon investigation, the Attorney General represented that an individual named Vernon Genter, worked at Southport at the time of the alleged incidents in this case, however, that Mr. Genter is deceased. (Docket No. 42 at ¶ 6). Prior to his death, he had never been served with a summons and complaint in this matter.

[4] Due to a conflict of interest, the initially appointed counsel was relieved and current counsel was appointed to represent the plaintiff in this matter on May 27, 2011. (Docket No. 74).

subsequently advised the Court that significant efforts have been made to reach a settlement in this case. (See Docket Nos. 82, 84). It appears that the resolution of whether the defendants have admitted, for the purposes of this lawsuit, that the plaintiff was not a confidential informant may impact the parties ability to reach a settlement in this case.

**Motion to Deem Fact Admitted**

The plaintiff seeks to have it deemed admitted that (a) neither the plaintiff nor any of his visitors ever gave the defendants any information about other prisoners at Southport Correctional Facility or any facility and (b) that the defendants wrongly named the plaintiff and his visitors as a "Rat" or confidential informant. (Docket No. 85 at ¶ 1).[5]

It is not disputed that the plaintiff, then *pro se*, served a Request for Admissions upon the defendants on April 29, 2010 requesting, among other things, that the defendants admit that neither he nor his visitors gave the defendants information about other prisoners and that the defendants wrongly named him a "Rat." (Docket No. 31). It is also undisputed that the defendants did not respond to the Request for Admissions in any manner.

Pursuant to Rule 36(a)(3), a "matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Rule 36(b) provides:

---

[5] By the instant motion, the plaintiff does not seek to have the other Requests for Admission included in the discovery request (i.e. that the plaintiff was assaulted at the Auburn and Southport Correctional Facilities) to be deemed admitted. The Court notes that these requests for admission seek to have the defendants admit that the plaintiff was assaulted on certain dates, but the requests do not identify the individuals that purportedly committed the assaults. In any event, inasmuch as these requests are not the subject of the instant motion, the Court need not consider the language of these requests.

> A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. An admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding.

Generally, it has been held that Rule 36 is self-executing, and that it is unnecessary for the Court to deem a matter admitted. Brumby v. Sharinn & Lipshie, P.C., 2011 WL 6396385 (E.D.N.Y.,2011)(As to the plaintiff's request that her requests to admit be deemed admitted based on the defendant's failure to timely respond, such action is not necessary. Rule 36 is self-executing. If the requests were duly served and not timely responded to, they are deemed admitted.); Allstate Ins. Co. v. Howell, 2010 WL 5313760 (E.D.N.Y.,2010)(A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection. Once admitted, the matter that is the subject of a request for admission is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. The defendants have made no such motion. Accordingly, the matters covered in the plaintiffs' requests for admissions are conclusively established.)

The defendants argue that they were not obligated to respond to the Request for Admissions because Rule 26(b) of the Local Rules for the Western District of New York states that a party may not seek discovery prior to the Rule 26(f) conference absent the agreement of the parties or a Court order. (Docket No. 87 at ¶¶5-9).  However, because the plaintiff was *pro se* at the time the Request for Admissions was served, the mandatory disclosure and conference

requirements under Rules 26(a) and (f) of the Federal Rules of Civil Procedure (which serve as the basis for Local Rule 26(b)) do not apply. See Rule 26(a)(1)(B) exempting *pro se* actions from disclosure requirements; and Rule 26(f)(1) exempting such cases from the conference requirement. Thus, the defendants cannot justify a failure to respond to a discovery request upon the fact that the discovery request was served prior to a Rule 26(f) conference, when, as here, a Rule 26(f) conference was not required.

In light of the fact that the defendants did not respond to the Request for Admissions, *and* have not moved to withdraw or amend any admission under Rule 26(b), the Court finds that pursuant to the self-executing language of Rule 36(a)(3) the defendants have admitted that neither the plaintiff, nor his visitors, "gave the defendants any information about another inmate at Southport Correctional Facility or any facility" and that the plaintiff was "wrongly named a 'Rat' by the defendants." Pursuant to Rule 36(b) these admissions may be used only for the purposes of this lawsuit and may not be used for any purpose other than the litigation of this matter.

Prior to the most recent attempts at settlement, the Court had directed the parties to contact the Chambers of Chief Judge William M. Skretny to obtain dates for the filing of pretrial statements and a trial in this matter. (Docket No. 83). That Order was vacated after the parties advised the Court that a settlement was possible in this matter. (Docket No. 84). In light of the above decision regarding the admissions in this case, if the parties have not reached a settlement in this matter within 30 days of the date of this Order, the parties shall contact the Chambers of Chief Judge Skretny to obtain dates for the submission of pretrial statements and a trial in this case.

So Ordered.

*/s/ Hugh B. Scott*
United States Magistrate Judge
Western District of New York

Buffalo, New York
November 5, 2012